**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

BRIAN LASSETTER,  )
       Plaintiff,  )
       v.  )  2:16-cv-01148-JCM-PAL
STATE OF NEVADA et al.,  )  **ORDER**
       Defendants.  )

This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner. On June 21, 2016, this court issued an order denying plaintiff's second application to proceed *in forma pauperis*, without prejudice, because that application was also incomplete. (ECF No. 4 at 1-2). The court ordered plaintiff to file a fully complete application to proceed *in forma pauperis* or pay the full filing fee of $400.00 on or before Friday, July 15, 2016. (*Id.* at 2). The deadline has now expired, and plaintiff has not filed another application to proceed *in forma pauperis*, paid the full filing fee, or otherwise responded to the court's order.[1]

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure

---

[1] Additionally, the order that the court had sent to plaintiff was "return[ed] to sender" because plaintiff is no longer incarcerated at High Desert State Prison. (ECF No. 5 at 1). According to the Nevada department of corrections inmate database, plaintiff has been discharged. Plaintiff has not filed an updated address with the court. Pursuant to Nevada local special rule 2-2, "[t]he plaintiff must immediately file with the court written notification of any change of address. The notification must include proof of service on each opposing party or the party's attorney. Failure to comply with this rule may result in dismissal of the action with prejudice." Nev. Loc. Special R. 2-2.

to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The court's order requiring plaintiff to file another application to proceed *in forma pauperis* or pay the full filing fee on or before July 15, 2016, expressly stated: "IT IS FURTHER ORDERED that if [p]laintiff does not timely comply with this order, dismissal of this action may result." (ECF No. 4 at 2). Thus,

plaintiff had adequate warning that dismissal would result from his noncompliance with the court's order to file another application to proceed *in forma pauperis* or pay the full filing fee on or before July 15, 2016.

It is therefore ordered that this action is dismissed without prejudice based on plaintiff's failure to file another application to proceed *in forma pauperis* or pay the full filing fee in compliance with this court's June 21, 2016, order.

It is further ordered that the clerk of court shall enter judgment accordingly.

DATED: July 28, 2016.

_____
United States District Judge